IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                  Criminal No.  **3:05CR10**
                                                    Civil Action No. __3:18cv373____

**DONALD WILLIAM LYNCH,**

        Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 15, 2008, the Court denied

Petitioner's motion to vacate, set aside, or correct his sentence. (ECF Nos. 61, 62.) Since that

date, Petitioner has continued to file challenges to his conviction and sentence. On May 15,

2017, Petitioner submitted a letter to the Court with the heading, "Requesting Pursuant to Rule

60(b) Motion Should be treated as a Second or Successive Habeas Corpus." ("Successive § 2255

Motion," ECF No. 84 (spelling corrected).)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of

the district courts to hear second or successive applications for federal habeas corpus relief by

prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping

mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted).

Specifically, "[b]efore a second or successive application permitted by this section is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts

*must* treat Rule 60(b) motions as successive collateral review applications when failing to do so

would allow the applicant to 'evade the bar against relitigation of claims presented in a prior

application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). While Petitioner initially labels this motion as one brought pursuant to Rule 60(b) and provides language from Rule 60(b) as an afterthought (*see* Succ. § 2255 Mot. 3–4), it is evident that he intends to bring a § 2255 motion. Petitioner's Successive § 2255 Motion seeks to challenge the finding that he was a career offender and his resulting sentence. Thus, his Successive § 2255 Motion is exactly that: an unauthorized, successive 28 U.S.C. § 2255 motion. *Winestock*, 340 F.3d at 207; *see Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).

The Clerk will be directed to assign a civil action number to the Successive § 2255 Motion (ECF No. 84). The Court has not received authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

John A. Gibney, Jr.
United States District Judge

Date: 5/30/18
Richmond, Virginia